**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**STEVEN F. D'AMICO,**

     **Plaintiff,**

**vs.**                                                            **Case No.  4:19cv446-MW-MAF**

**SCOTT HEILING,**

     **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

The pro se Plaintiff has now filed a second amended complaint, ECF No. 16.  This version of Plaintiff's complaint has been reviewed as is required by 28 U.S.C. § 1915A.  Plaintiff now limits his claims to one named Defendant, Officer Heilig, who was employed at the time of these events at the Reception and Medical Center in Lake Butler, Florida.  The events at issue necessarily occurred at that institution.

The Reception and Medical Center is located in Union County, Florida.  Union County is not within the territorial jurisdiction of this Court; it is within the Middle District of Florida.

The venue statute provides that a civil action may be brought in "a

judicial district in which any defendant resides, if all defendants are

residents of the State in which the district is located" or in "a judicial district

in which a substantial part of the events or omissions giving rise to the

claim occurred . . . ."  28 U.S.C. § 1391(b)(1),(2).  Plaintiff's second

amended complaint[1] has been filed in the wrong district.  Venue appears to

be appropriate in the Middle District of Florida because the Defendant is

there and Plaintiff's claim arose there as well.  The proper forum for this

action pursuant to 28 U.S.C. § 89(b) and § 1391(b) is in the United States

District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue

statute provides that the district court "shall dismiss, or if it be in the interest

of justice, transfer such case to any district or division in which it could

have been brought."  28 U.S.C. § 1406(a).  A court may raise the issue of

defective venue sua sponte, but should not dismiss an improperly filed

case for lack of venue without giving the parties an opportunity to respond.

Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v.

---

[1] Although Plaintiff titled this as his "third amended complaint," ECF No. 16, it is actually his second amended complaint and was properly docketed as such.

Case No. 4:19cv446-MW-MAF

New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).

Justice is better served by transferring this case to the appropriate forum

rather than dismissing it.   There is no need for a hearing prior to directing

transfer.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is

respectfully **RECOMMENDED** that this case be transferred to the United

States District Court for the Middle District of Florida, Jacksonville Division,

for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 15, 2020.


 S/      Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  _See_ 11th Cir. Rule 3-1; 28 U.S.C. § 636.**


Case No. 4:19cv446-MW-MAF